IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON T. O'NEIL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-532-RGA |
| DR. LYNCH, et al., | : |
| Defendants. | : |

Jason T. O'Neil, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 27, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jason T. O'Neil, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 10). Plaintiff has also filed a motion for injunctive relief and a request for counsel. (D.I. 6, 8). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff's civil cover sheet indicates that this is an action brought pursuant to 42 U.S.C. § 1983 for medical malpractice. (D.I. 3-1). Plaintiff has a long history of psychiatric hospitalizations. (D.I. 5 at 13). In December 2012, he pled guilty but mentally ill to two counts of murder first degree. (*Id.* at p.12). He was hospitalized at the Delaware Psychiatric Center from January 16, 2013 until February 27, 2013. (*Id.* at p.13).

The complaint provides Plaintiff's history of swallowing objects which has resulted in numerous hospitalizations and surgeries. In June or July 2013, when Plaintiff was housed in SHU isolation, he swallowed pieces of a plastic spoon and some pills. In July 2013, when Plaintiff was housed in the psychiatric closed observation ("PCO") at the VCC infirmary, he removed the metal plate covering an electrical outlet broke it into five to eight pieces and swallowed them. Plaintiff was placed in another

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

PCO cell, and he removed and swallowed another plate. Plaintiff was placed in a third cell where he remained until he passed the metal.

In September 2014, Plaintiff returned to SHU. He alleges he informed Mental Health Director Lezley Sexton and Defendant Dr. Paola Munoz that, if he returned to SHU, he would swallow more metal as well as other items. True to his word, once he returned to SHU Plaintiff swallowed four to five metal pieces from the SHU rec yard fence. Plaintiff was placed on PCO in the infirmary and was forced to pass the metal without pain medication. One week later Plaintiff returned to SHU, broke the glass light in his cell, ate the glass and metal from the light, and intentionally cut his arms. Plaintiff alleges that Sexton and Dr. Munoz were aware of his intent to harm himself and he was still "placed in this environment without protection from [him]self and was willfully neglected." (D.I. 3 at p.7). Once again, Plaintiff was placed on PCO in the infirmary. After Plaintiff passed glass, he was sent to Kent General and underwent emergency surgery. Plaintiff alleges that this occurred several times over a period and, after the fifth or sixth time surgery was performed to remove objects from his body, Kent General stopped accepting Plaintiff for treatment.

On June 24, 2017, Plaintiff swallowed a foreign object and was admitted to Christiana Hospital in critical condition and underwent emergency surgery. Plaintiff remained at Christiana Hospital until September when he returned to the VCC and was placed on a medical hold by Defendant Dr. Jackson. Several weeks later Plaintiff began running a fever and was admitted to Christiana Hospital with a stomach infection and then diagnosed with MRSA. Once released, Plaintiff returned to the VCC infirmary where he remained for two to three weeks on medical observation.

Plaintiff alleges that several times during December 2017 to January 2018, he was left to sit with fecal matter overflowing and, for over an hour, he was denied a replacement colostomy bag. He also alleges that nurses were instructed to only change the bag once every three days and that Dr. Jackson told the nursing staff to withhold supplies due to a shortage in supplies.

Upon Plaintiff's return to general population in January 2018, he was assaulted by six inmates. In February 2018 he returned to the infirmary for a weekend. From there he returned to the same tier where he was assaulted. After he was housed in MHU, he began to run a fever and was sent to Kent General where he was diagnosed with a severe staph infection at the surgery site.

Plaintiff seeks compensatory damages and injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

3

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

**Statute of Limitations.** Although he alleges medical malpractice, the Complaint states that the claims are raised pursuant to 42 U.S.C. § 1983. To the extent Plaintiff raises medical negligence claims, a medical negligence claim for personal injuries must be brought within two years after the injury allegedly occurred. 18 Del. C. § 6856. To the extent Plaintiff raises § 1983 claims, for purposes of the statute of limitations, the claims are characterized as personal injury actions and are also subject to a two year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance*

*Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). W]here the statute of limitations defense is obvious from the face of the complaint, and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible. *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff filed his Complaint on April 9, 2018.[2] In the Complaint, Plaintiff complains of acts occurring in 2013, 2014, and 2017. It is evident from the face of the Complaint that the claims relating to acts that occurred in 2013 and 2014 are barred by the two year limitations period, having been filed four to five years after its expiration. Therefore, the Court will dismiss the claims related to acts that occurred prior to April 9, 2016 as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Those claims that are not time-barred occurred in 2017 with the allegations directed against Defendants Dr. Jackson and Dr. Munoz.

**Medical Malpractice.** Plaintiff brings this action as a § 1983 claim alleging medical malpractice. The Eighth Amendment proscription against cruel and unusual

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Here, Plaintiff's Complaint is dated April 9, 2018. Therefore, the Complaint was delivered to prison authorities for efiling on or after April 9, 2018, the earliest date possible that it could have been delivered to prison officials.

punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, 'so long as the treatment provided is reasonable.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the complaint fails to state an actionable constitutional claim against anyone in the 2017 time period. In general, Plaintiff had a fever, had infections,

underwent surgery, and was assaulted by other inmates. He was sick, but there are no allegations any of these things were caused by deliberate indifference of medical personnel. In particular, there are no allegations against Drs. Jackson and Munoz for deliberate indifference to a serious medical need. The allegations are that Plaintiff received medical treatment as necessary. The allegations are better characterized as a medical malpractice/negligence claim, although they fall short of even that, rather than deliberate indifference to a serious medical need.

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. See 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. Bonesmo v. Nemours Found., 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1).

The Complaint fails to state claims for relief against Drs. Jackson and Munoz. There are no allegations relating to Dr. Munoz in 2017, that is, during the period when the statute of limitations had not run, other than that he was aware that Plaintiff was returned to a housing where he had previously been assaulted. As to Dr. Jackson, the

8

allegations are that he placed a medical hold on Plaintiff -- it is not clear whether this is a good thing or a bad thing -- and that he told the nursing staff to withhold supplies – "tape and proper utensils" -- from Plaintiff due to a shortage of supplies. I infer the withholding of tape and utensils caused Plaintiff's colostomy bags to overflow on multiple occasions for more than an hour. The last point is too sketchily described for it to suggest "deliberate indifference" to Plaintiff's medical needs on the part of Dr. Jackson. Therefore, the claims against Doctors Jackson and Munoz will be dismissed for failure to state a claim upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Since it appears plausible that Plaintiff may be able to articulate a claim against Defendants or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Finally, because there is no operative pleading, the Court will dismiss Plaintiff's motions without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss without prejudice to renew Plaintiff's motion for injunctive relief and request for counsel (D.I. 6, 8); and (2) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.