IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JASON T. O'NEIL,

    Plaintiff,

v.                      : Civil Action No. 18-532-RGA

DR. JACKSON, et al.,

    Defendants.

---

Jason T. O'Neil, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 19, 2018
Wilmington, Delaware

{{signature}}
**ANDREWS, U.S. District Judge:**

Plaintiff Jason T. O'Neil, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and raises supplemental medical negligence claims.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 10). The original Complaint was dismissed, and Plaintiff was given leave to amend. (D.I. 12, 13). Plaintiff timely filed an Amended Complaint and has renewed a request for counsel. (D.I. 16, 17). The Court screens and reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff has history of swallowing objects which has resulted in numerous hospitalizations and surgeries. From March 26 through April 1, 2017, Plaintiff complained to Defendant Dr. Jackson that he was having chest pain. (D.I. 16 at ¶ 2). Plaintiff attributed the pain to a paperclip he had swallowed. (*Id.*). Dr. Jackson told Plaintiff it was muscular pain. (*Id.*). Plaintiff alleges Dr. Jackson refused to adequately treat him. An x-ray taken in late March showed the paper clip. (*Id.*).

On April 4, 2017, Defendant Dr. Herewood was making rounds. When he reached Plaintiff's cell, Plaintiff told him about the x-ray that showed the paperclip Plaintiff had ingested and that was lodged in Plaintiff's chest. (*Id.* at ¶ 3). Dr. Herewood told Plaintiff there was no paperclip and that Plaintiff had allergies. (*Id.*). Later that day,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff was in great pain and asked for help from the nursing staff. He alleges he was ignored for hours and was finally told that nothing could be done. (*Id.* at ¶ 4).

On April 5, 2017, Plaintiff was taken to see Defendant Dr. Nuol for an outside surgical consult appointment. (*Id.* at ¶¶ 5-6). Plaintiff alleges that Dr. Nuol told him to "ingest more objects and at the end of the month she would remove [them]," and she called Plaintiff stupid and a fool. (*Id.* at ¶ 6).

On April 8, 2017, while Plaintiff was on suicide watch, he asked the nursing staff for pain medication. (*Id.* at ¶ 7). Defendant Nurse Cory Green told Plaintiff she was not going to give him anything and for him to "stay in pain." (*Id.*). Plaintiff alleges that he was in so much pain the next day that he was curled up on the floor yelling for help. (*Id.* at ¶ 8). When nursing staff, including Nurse Green, arrived at his cell, Plaintiff was told there was nothing they could do. (*Id.*). Next, Plaintiff was told that Nurse Green was getting Plaintiff medication and that was all they could do. (*Id.* at ¶ 9). Plaintiff was told that Dr. Jackson would be there in the morning. (*Id.*).

On April 10, 2017, Plaintiff was transported to Kent General Hospital where physicians removed foreign objects, including the paperclip. (*Id.* at ¶ 11). Plaintiff alleges that Dr. Jackson neglected his medical needs for well over a week. (*Id.* at ¶ 12).

On June 24, 2017, Plaintiff swallowed a foreign object and was admitted to Christiana Hospital in critical condition and underwent emergency surgery. (*Id.* at ¶¶ 14-15). Plaintiff remained at Christiana Hospital for three months. (*Id.* at ¶ 16). He complains that while hospitalized, handcuffs were used to tie him to the hospital bed. (*Id.*). Plaintiff returned to the VCC in September and was placed on a medical hold by

Dr. Jackson. (*Id.* at ¶¶ 18-19). Plaintiff alleges that medical staff neglected his medical condition. (*Id.* at ¶ 19).

Upon Plaintiff's return to the general population in January 2018, he was assaulted by six inmates. (*Id.* at ¶ 21). He alleges VCC failed to protect him from harms. (*Id.*). Plaintiff alleges that Dr. Jackson was deliberately indifferent in discharging Plaintiff from the prison hospital. (*Id.* at ¶ 22).

Plaintiff alleges it was neglect and deliberate indifference by "Mental Health" to keep placing Plaintiff in the same environment where he could continue to self-harm himself. (*Id.* at ¶ 17). Defendant Lezley Sexton was the Mental Health director. (*Id.*). Plaintiff alleges that Sexton is aware of the psychological deterioration that could occur if Plaintiff is housed in the Security Housing Unit. (*Id.* at ¶ 25).

Plaintiff alleges Dr. Jackson told the nursing staff to withhold Plaintiff's colostomy bag supplies so fecal material would run down his legs. (*Id.* at ¶ 20). Plaintiff also alleges that due to a shortage of medical supplies, his colostomy bag broke on August 23, 2018, and fecal material ran down his leg. (*Id.* at ¶ 23). Plaintiff alleges that Defendant Kim Long was aware of the shortage of medical supplies from August 24 through August 31, 2018. (*Id.* at ¶ 24).

Plaintiff seeks compensatory damages and injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

3

452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Medical Needs under § 1983**. The Amended Complaint raises medical needs claims under 42 U.S.C. § 1983. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at

5

104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

As pled, the Amended Complaint fails to state actionable constitutional claims against Defendants. Many of Plaintiff's allegations are conclusory. In addition, there are allegations that Plaintiff received medical treatment as necessary, although he did not always agree with medical advice or diagnoses he was given. For example, Plaintiff told Dr. Jackson he had swallowed a paperclip, but Dr. Jackson told Plaintiff it was muscle pain. After an x-ray showed the paperclip, Plaintiff spoke to Dr. Herewood on April 4, 2017, who told Plaintiff he had allergies. However, the next day Plaintiff was

6

seen by an outside physician, and received pain medication on April 8, 2017, before undergoing surgery on April 10, 2017. Although surgery did not take place immediately after Plaintiff indicated he had swallowed a paperclip,[2] in the interim Plaintiff was seen by several medical personnel. As most, the Amended Complaint alleges negligence, not deliberate indifference to serious medical needs. In addition, Plaintiff underwent a second surgery in June 2017 after ingesting more items.

Plaintiff also complains of conversations with medical providers. He may not like the way he was spoken to, but unsympathetic words are not constitutional violations. Nor do Plaintiff's allegations that Nurse Green would not give him pain medication on one occasion rise to the level of deliberate indifference, particularly considering the allegations that the next day, Green ordered pain medication. Finally, while the allegations about the shortage of medical supplies are troubling, the allegations are that the shortage was time-limited, and nothing indicates Defendants were responsible for the shortage.

Therefore, the § 1983 claims will be dismissed for failure to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Medical Negligence.** To the extent Plaintiff raises medical negligence claims, in Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. See 18 Del. C. §§ 6801-65. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged

---

[2] Plaintiff's original complaint suggests that one alternative to surgery was to await passage of the swallowed items. (D.I. 3 at 6; see D.I. 12 at 2).

deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)). 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the Amended Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the Amended Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1).

Accordingly, the medical negligence claims will be dismissed.

**Respondeat Superior**. Plaintiff alleges that Sexton, the mental health director, "had part" in not treating Plaintiff's serious medical needs and was aware of Plaintiff's danger to himself if housed in SHU. To the extent the claims are raised against Sexton due to Sexton's supervisory position, the claims are not cognizable.

There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.;" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325, (1981) (liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). As pled, the Amended Complaint fails to state a facially-plausible claim against Sexton. Therefore, the claims against Sexton will be dismissed.

8

**Futility in Amendment.** Plaintiff was given an opportunity to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). As discussed above, absent compliance with Delaware statutory requirements, the medical negligence claim is frivolous. The constitutional medical needs allegations do not state a claim and will be dismissed. Other allegations not directed to any Defendant (*i.e.*, failure to protect) were deficiently pled in the original complaint and are not cured in the Amended Complaint.

Accordingly, while the Court expects amendment will be futile, given Plaintiff's pro se status, the Court will permit one final attempt at amendment.

Finally, because there is no operative pleading, the Court will dismiss Plaintiff's request for counsel without prejudice.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss without prejudice Plaintiff's request for counsel (D.I. 17) and (2) dismiss the Amended Complaint for failure to state a claim pursuant to U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The Court will permit a final attempt at amendment.

An appropriate Order will be entered.